MARVIN, Judge.
In this action arising out of an automobile accident, plaintiff appeals a judgment which rejected her demands against her liability insurer to reform or increase the *899 uninsured motorist coverage of the polity from $10,000 to $50,000, which was the amount of liability coverage. LRS 22:1406 D(l)(a). We affirm.
Plaintiff was referred to a State Farm insurance agent by one of her friends who did business with that agent. She discussed with the agent liability limits of $50,000 for one person, $100,000 for one accident. When the agent learned that plaintiff had several traffic violations and would be subject to a higher premium rate, he discussed with plaintiff decreasing or rejecting UM coverage and other ways of reducing the premium charge. Some of the discussions were conducted by telephone. Plaintiff initially rejected UM coverage and the agent said he cheeked and had plaintiff sign the standardized insurance form rejecting UM coverage. Eventually plaintiff instructed the agent that she wanted the same UM coverage as her friend who referred her to the agent. This amount was $10,000 one person and $20,000 one accident UM coverage. The standardized form for rejecting or modifying UM coverage was later completed in accord with plaintiff’s instructions.
The initial contact between plaintiff and the agent occurred in mid-April 1980. Periodic premium notices and the policy were mailed to plaintiff by the insurer at the address given by plaintiff to the agent. The premiums were paid and the policy was renewed six months after it was written. The accident occurred May 17, 1981. The policy showed UM coverage of $10,000/$20,-000 and liability coverage of $50,000/$100,-000.
Under these circumstances, and notwithstanding plaintiff’s denial that she received the policies and premium notices and her contention that she was purchasing $50,000 in UM coverage, the trial court could have inferred that she requested and received a policy with $10,000 UM limits. This issue is one of credibility which required the trial court’s determination and which we do not disturb where it is supported by the record. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The limits of an insurance policy, unlike the more intricate and sometimes confusing coverage provisions, should be evident to any reasonable minded insured. Smith v. Millers Mut. Ins. Co., 419 So.2d 59 (La.App. 2d Cir.1982), writ denied.
The other driver involved in the accident had liability limits of $10,000 for one person. This amount was paid to plaintiff and the other driver was released. At the request of plaintiff’s insurer, the trial court determined that plaintiff’s damages arising out of the accident amounted to $45,000. Plaintiff’s insurer answered her appeal and contends that the $45,000 amount is grossly excessive. Apparently this was done as a precaution to allow the insurer to argue for reduction of that amount in the event that we or any court found that the UM coverage should be increased to $50,000.
In any event, the insurer urges that we should find the $45,000 amount to be excessive and reduce it to not more than $12,500. The insurer cites cases awarding that or a lesser amount. Plaintiff’s injuries included five fractured ribs, a 25 percent collapse of a lung, a ruptured breast prosthesis, abrasions and contusions to the left side of her body, and some enhancement or aggravation of emotional problems. Plaintiff was hospitalized for 10 days. The judgment recognized that plaintiff had outstanding medical expenses of $2,405. Under these circumstances we cannot find that the trial court abused its discretion in determining the amount of plaintiff’s “damages.”
At appellant’s cost, judgment is AFFIRMED.